Theodore A. Kelly, J.
This is a proceeding pursuant to section 536 of the Election Law for a judgment directing respondents to hold an election for all officers of the Village of Spring Valley whose terms of office expire on April 7, 1975 or, in the alternative, that an election be held for the office of Village Justice.
Petitioner is presently Village Justice of the Village of Spring Valley. Petitioner was elected to said office for a term of four years at a general village election held in March of 1971. Petitioner’s term of office will expire on April 7, 1975. The terms of office of respondent Kurtz, the Mayor, and of respondents Thaxton and Rosenthal, Trustees, will also expire on April 7, 1975. Pursuant to stipulation, the Democratic Committee of the Village of Spring Valley has intervened in this proceeding.
On September 23,1974 the Board of Trustees of the Village of Spring Valley adopted a resolution which provided in part as follows:
“ That the General Village Election shall be held annually on the Tuesday next succeeding the first Monday in November.
u That the term of office of each elected Village Officer who currently holds such elected office shall terminate at noon on the first Monday in December in the year in which his term would otherwise expire.”
The resolution was made subject to a permissive referendum upon the filing with the Village Clerk of a petition by 25 electors *686 of the village. No such petition was filed and no such referendum was held.
With respect to the date when general village elections are to be held, section 504 of the Election Law provides in part as follows:
‘ ‘ 1. The general village election shall be held on the third Tuesday in March except:
“ a. Any village which presently elects, or hereafter adopts a proposition to elect, its officers on the third Tuesday in June.
‘ ‘ b. Any village which presently elects or may hereafter determine to elect its officers pursuant to a resolution, on a date other than the third Tuesday in March or June.
“ 2. A proposition changing the date of the general village election shall not become effective until the next election regularly scheduled to be held more than sixty days following its adoption and then only to the extent that such election, and at the next such election regularly scheduled to be held, an additional three months or such period of time ,as may be necessary shall be added to the term of each office then to be filled.”
In adopting the resolution of September 23, 1974, the Village Board acted on the authority set forth in paragraph b of subdivision 1 of section 504 of the Election Law. It is respondents’ contention that this provision permits the Village Board to change the date of the village election by resolution and that the resolution of September 23, 1974, therefore, was the proper procedure to follow to implement such a change.
Respondents further contend that the resolution effectively changed the official year of the village. A village’s official year begins at noon on the first Monday in the month following the date of the general village election or the date such an election would have been held had elections been held annually (Village Law, § 3-302, subd. 1). The term of office of each elective officer of the village commences at the start of the official year following his election (Village Law, § 3-302, subd. 2). Since the date of the village election has now been changed to November, it is respondents’ contention that the official year will now commence on the first Monday in December, 1975, and that the terms of office of present village office holders will be extended until that time.
Petitioner alleges that the authority of a village to change the date of a village election is contained in section 9-912 of the Village Law, Section 9-912 provides in part as follows;
*687 “ 1. The hoard of trustees may, upon its own motion, and shall, upon the petition of twenty-five residents of a village qualified to vote at a general village election, cause a proposition on any of the questions set forth in the following subdivision to be submitted at a village election.
‘ ‘ 2. The questions which may or shall be submitted as propositions upon petition or motion of the board of trustees, as hereinbefore provided, are: * * *
“(e) Whether or not the month of the general village election should be changed ”.
Petitioner alleges that the resolution adopted by the village board is improper since it was not submitted to the voters of the village for their approval at a village election as required by section 9-912 of the Village Law.
But for the resolution adopted by the village board, the next election in the Village of Spring Valley would be held on March 18, 1975. Acting on the authority of the resolution, neither the village board nor the Village Clerk have taken any steps to hold an election on March 18. Since his term of office will expire on April 7, 1975, petitioner alleges that he will thereafter be without jurisdiction to hear and determine any matter as a Village Justice. Petitioner, further, intends to seek re-election to the office of Village Justice.
The issue presented is whether a village board may change the date for a general village election by resolution only, without submitting a proposition on such a question at a village election. The court finds that it may not.
The procedure applicable to a permissive referendum is set forth in article 9 of the Village Law. Under the provisions of section 9-900, any act or resolution of the village board which is subject to a permissive referendum is subject to a referendum on petition as set forth in section 9-902. Under .section 9-902, any act or resolution of the board of trustees, which is subject to a permissive referendum, shall not take effect until 30 days after its adoption nor until approved by the majority of the qualified voters of a village if, within 30 days after its adoption, 20% of the voters of the village sign a petition protesting the act or resolution and request that it be submitted to the electors of the village for their approval or disapproval. If the voters fail to take affirmative action by petition, therefore, the act or resolution becomes effective.
Sections 9-900 and 9-902 should be read in contrast to section 9-912. Sections 9-900 and 9-902 refer to acts and resolutions of the village board which are subject to a permissive *688 referendum. Section 9-912, however, refers not to acts or resolutions of the village hoard, but to the submission of a proposition on any question set forth in subdivision 2 of section 9-912 to the voters at a village election. One such question is whether or not the month of the general village election should be changed.
Subdivision 1 of section 9-912 then provides that the board may, upon its own motion, and shall, upon the petition of 25 qualified village residents, cause a proposition on the question to be submitted at a village election. Respondents contend, therefore, that the board has an option whether or not to submit the question as a proposition and that they are required to do so only if 25 residents make such a request by petition.
Section 9-912 could have been more artistically drafted so that the legislative intent would be more apparent. In the court’s opinion, however, the use of the word “ question ” and “ proposition ”, as contrasted to sections 9-900 and 9-902, which refer to acts or resolutions, imply that the questions referred to in subdivision 2 of section 9-912 be submitted to the People for their approval or disapproval and that the village board not act upon such questions unilaterally by resolution. When the board resolved to change the date of the village election by resolution, therefore, they acted in excess of their jurisdiction. The court further finds that the authority of the village 'board was not extended by paragraph b of subdivision 1 of section 504 of the Election Law. While this section refers to changing the date of a general village election, it should not be construed as extending the authority of the village board to determine by resolution a matter which section 9-912 of the Village Law requires be approved by the village electorate. Additionally, even if the change had been validly effected, it would not change the date of the next two village elections (Election Law, § 504, subd. 2).
The resolution, while purporting to change the date of the village election, also extended the terms of 'office of village office holders to the first Monday in December, 1975. While officers may hold over and continue to discharge the duties of their office after the expiration of their term until a successor is chosen (Public Officers Law, '§ 5), such provision has no application to judicial officers. The term of office of a judicial officer is to be prescribed by the Legislature (N. V. Const., art. VI, § 17, subd. d). The Legislature has fixed the term of office of a Village Justice at four official years (Village Law, § 3-302, subd. 3). The village board, therefore, by the resolution improperly *689 extended petitioner’s term of office beyond the time prescribed by the Legislature.
As stated above, petitioner and respondents have consented to the intervention in this proceeding by the Democratic Committee of the Village of Spring Valley. Under the provisions of section 508 of the Election Law, the county committee of a political party is permitted to adopt rules for the party nomination of candidates to village offices. Section 508 .states that the “ rules of the county committee of any political party may provide that party nominations for village offices of that party in any or all villages in the county shall be made at a primary election which shall be held thirty-five days prior to the date of the village election.” On December 6,1973 the Rockland County Democratic Committee adopted rule 7.2. Rule 7.2 provides that the nomination of Democratic candidates for all elective offices in incorporated villages be by convention of the Democratic County Committee or by caucus of the Democratic electors residing within the village or by a primary election which shall be held 35 days prior to the date of the village election. The Democratic candidates of the Village of Spring Valley thereafter elected to have a village primary system instituted for its candidates and a village primary was held in February, 1974.
Where a village has provided that party nominations for candidates for village offices shall be made by a primary election, the village board must adopt a resolution 65 days prior to the primary election, designating the offices to be filled and the terms thereof; all other villages must adopt such a resolution at least 65 days prior to the general village election (Election Law, § 504, subd. 3, par. a). The intervener has requested that the court insure compliance with the time requirements of article 17 of the Election Law, of which section 504 is a component part, in the event that the court determines that the general election should be held on the third Tuesday in March, 1975. There is, however, no necessity to do so. If the village board fails to adopt the required resolution, the failure to do so will be insufficient to invalidate the general election (Election Law, § 504, subd. 5).
The petition, accordingly, is granted and the resolution of the village board which changed the date for the village election from the third Tuesday in March to the third Tuesday in November is nullified. The general village election, therefore, is to be held on March 18, 1975, as required by subdivision 1 of section 504 of the Election Law, at which time the positions of Mayor, two Trustees and Village Justice shall be voted upon. Either party may settle the judgment to be made herein at the chambers of the undersigned on three hours’ notice.